OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State of Ohio, Appellant, v. Jones, Appellee.

[Cite as State v. Jones (1992),     Ohio St.3d     .]

Appeal dismissed as improvidently allowed.

(No. 91-1350 -- Submitted June 2, 1992 -- Decided July 22, 1992.)

Appeal from the Court of Appeals for Cuyahoga County, No. 58423.


Stephanie Tubbs Jones, Prosecuting Attorney, and Leo F. Gorie, Jr., for appellant.

William Jones, pro se.


The appeal is dismissed, sua sponte, as having been improvidently allowed.

The court orders that the court of appeals' opinion, 1991 WL 76031, not be published in the Ohio Official Reports, and that the opinion may not be cited as authority except by the parties inter se.

Sweeney, Douglas, H. Brown and Resnick, JJ., concur.

Moyer, C.J., Holmes and Wright, JJ., dissent.

Holmes, J., dissenting. I do not believe that this case should be disposed of through the process of dismissal on the basis of having been "improvidently allowed." Although the court of appeals was correct in determining that the defendant had not been afforded due process in his charged parole violation, there was incorrect language in the decision of the court of appeals which stated that it was unlawful for an order of probation to contain mandatory periodic drug testing of the probationer unless the drug testing is related to the crime for which the defendant was convicted. This incorrect statement of the law cries out for correction.

The appealing prosecutor in this case, and apparently prosecutors throughout Ohio, wish this court to state, for purposes of clarifying the law on the subject, that a probation order may contain mandatory periodic drug testing provisions that must be carried out by the probationer. I agree with the prosecutors that it is important to Ohio's criminal justice system to have this determination made by this court, and I would have done so in an opinion in this matter rather than

dismissing the appeal as being improvidently allowed.

Moyer, C.J., and Wright, J., concur in the foregoing dissenting opinion.

Wright, J., dissenting.   I respectfully dissent from the majority's decision to dismiss this appeal as improvidently allowed.  I believe that we should have exercised our jurisdiction to set forth the parameters of drug testing  for probationers and parolees.  In my opinion, the decision to drug test these individuals is within the sound discretion of the supervising authority or court.  Empirical studies show that sixty to seventy-five percent of criminal activity is related to substance abuse,[1] and we should not ignore this important issue.

Moyer, C.J., concurs in the foregoing dissenting opinion.

FOOTNOTE:

1  Cushman, Substance Abuse in the Legal Profession: Facing the Facts (Sept./Oct. 1989), Ohio Lawyer 8, 9 (reprinted in Substance Abuse in the Legal Profession, published by the Lawyers Assistance Committee of the Ohio State Bar Association).